## ROBERT EAVERSON *v.* THE STATE.

1. CRIMINAL LAW. *Deadly weapon. Sudden passion. Presumption of malice.*

    When, on a trial for assault with intent to kill and murder, there is evidence tending to show that the act of the accused was committed during a violent assault by the prosecutor, the fact that he employed a deadly weapon does not afford such a presumption of malice as will justify an instruction depriving him of the benefit of the defense that he acted in sudden heat of passion, and could at most be guilty only of an assault with intent to commit manslaughter.

2. SAME. *Instructions. Occurrences of the instant. Antecedent facts.*

    When, on a trial for assault with intent to kill and murder, the testimony for the defendant tends to show that, when he committed the act in question, the prosecutor had first knocked him down with a club, and was about to repeat the blow, or had struck at him again, and that the wound he received from defendant's axe resulted from his striking against it while defendant held it in a purely defensive position, and the testimony for the state is to the effect that defendant had assaulted the prosecutor without provocation, and nearly severed his wrist by a blow with the axe, it is error to instruct the jury to convict "if they believe from the evidence that defendant struck J. (the prosecutor) with an axe, which they believe was a deadly weapon, when J. was not trying to do him some great injury." for such charge makes the finding turn upon the occurrences of the instant without reference to the antecedent facts.

FROM the circuit court of Tate county.

HON. EUGENE JOHNSON, Judge.

The opinion sufficiently states the case.

*Phil. A. Rush,* for the appellant.

1. The prosecuting witness was improperly allowed to state what happened after the assault, and Kit Harris, a witness for defendant, should have been allowed to state what happened

when the parties were scuffling with the stick, and just as it dropped, which was clearly a part of the *res gestæ*.

2. The verdict was contrary to the evidence, and is manifestly wrong.

*Wiley N. Nash*, attorney-general, for the state,

Reviewed the evidence, contending that the verdict was not contrary thereto, as assigned for error by the appellant.

COOPER, C. J., delivered the opinion of the court.

According to the testimony for the state, the appellant, without the slightest provocation, made a deadly assault upon Jones with an axe, and struck him a blow which nearly severed his hand from the arm. On the other hand, the appellant and his witnesses testified that immediately preceding the injury, Jones had assaulted the appellant with a club; had knocked him to the ground, and was attempting to repeat the blow, or had just struck at him again, when the appellant either struck him with the axe, or, having it in his hand, raised it in defense against the blow of the club, and Jones, striking his hand against it, received the injury he sustained. The appellant testified that he did not in truth strike at Jones, but merely threw up the axe to ward off the blow aimed at him by Jones.

The instruction given for the state is as follows: "The court instructs the jury for the state that the law presumes a person intends to do not only what he does, but the natural and probable consequences of his acts, and, in this case, if you believe, from the evidence, that defendant struck Jones with an axe, which you believe was a deadly weapon, at a time when Jones was not trying to do him some great injury, then the law presumes he intended to kill Jones, and would be guilty of assault and battery with intent to kill and murder, and you should so find."

This instruction should not have been given. It denied to the defendant the benefit of the defense that if he had killed

Jones in the heat of passion engendered by the unprovoked and violent battery, his offense would have been manslaughter and not murder, although at the moment he struck he was not again being assaulted by Jones. If it be true, as the testimony for the defense tended to prove, that defendant struck Jones immediately after he had made an assault and battery on the defendant, the law would not impute malice to him. *Beasley* v. *The State*, 64 Miss., 518.

Nor can it be said that the instruction was drawn in view of the testimony of the witnesses for the state and upon its theory that Jones had not assaulted and struck the defendant. It does not contain the qualification that the jury should find the defendant guilty on the facts stated if found to be true, if it should further believe that Jones had not made the first attack. It looks neither to the facts disclosed for the state nor for the defense, but, beginning *in medias res*, in effect directs the jury, regardless of the antecedent course of events, if it believe the defendant struck Jones with the axe ''at a time when Jones was not trying to do him some great injury,'' it should find the defendant guilty. By this instruction the guilt or innocence of the defendant was made to turn upon the occurrences of the instant, regardless of the antecedents as detailed either by the witnesses for the state or for the defendant.

*The judgment is reversed and a new trial awarded.*